ALD-301                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2200
_____

KEITH DIJUAN DAWSON,
Appellant

v.

JOSE FRIAS, UNICOR Staff; GLEN LAWHORN, UNICOR SOI;
NICOLE BROWN, UNICOR Business Ofc. Mgr.; ROBERTO ORTIZ, UNICOR factory Mgr.;
NORMA WOODALL, UNICOR Associate Warden; JOSE SANCHEZ, BOP Counselor;
KEVIN BULLOCK, BOP Case Mgr.; ROBERT WHRITENOUR, BOP Unit Mgr.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-09-cv-06050)
District Judge:  Honorable Renée Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed : October 14, 2010)
_____

OPINION
_____

1

PER CURIAM

Keith Dijuan Dawson appeals from the *sua sponte* dismissal of his complaint by the District Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will affirm.

Dawson, an inmate at the Federal Correctional Institution in Fort Dix, New Jersey, complains that he was unjustly terminated from his position in the prison's UNICOR [1] program, leading to financial hardship and fear of future reprisal. He alleges that this dismissal was accomplished by means of a forged "Inmate Request to Staff" ("Cop-Out") submitted by defendant Frias, which had the net effect of causing him to lose his job. Dawson charges the other named defendants with "covering up" the forgery.

The District Court dismissed the complaint in its entirety, finding the accusation of forgery undergirding Dawson's allegations to be a "distinction without difference," as prisoners have neither a property nor a liberty interest in prison employment and thus lack a due-process interest in same. Dawson v. Frias, Civ. No. 09-6050, 2010 U.S. Dist. LEXIS 30513, at *7 n.6 (D.N.J. Mar. 30, 2010).

Our review of the District Court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We must "accept as true the factual allegations in the complaint and all

---

[1] UNICOR is also known as Federal Prison Industries or FPI. See generally About UNICOR – Frequently Asked Questions – General Overview, Unicor.gov, http://www.unicor.gov/about/faqs/faqsgeneral.cfm (last visited September, 2010).

reasonable inferences that can be drawn therefrom," Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), but we require more than mere assertions devoid of "further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted). As Dawson proceeds *pro se*, we liberally construe his pleadings and apply applicable law even if he has failed to mention it by name. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). We may summarily affirm if no substantial question is presented by the appeal. See LAR 27.4; I.O.P. 10.6; Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

We agree with the District Court that Dawson's complaint does not state a claim. Chief among his obstacles is the well-established principle that prisoners have neither a liberty or property interest in prison employment. See James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989). Since stating a cognizable claim under due process requires a liberty or property interest, id. at 629, Dawson would not be able to maintain his action even if he were terminated for *no* cause. Therefore, regardless of the circumstances surrounding his departure from UNICOR, Dawson is unable to successfully demonstrate a constitutional violation based solely on this set of facts.

Similarly, while Dawson asserts throughout his complaint that his was a "retaliatory" job firing, he has failed to present facts supporting a claim of retaliation. Dawson must show that the conduct that led to the retaliation was constitutionally protected, that he suffered from "'adverse action' at the hands of the prison officials," and that the retaliation and adverse action were causally related to the initial conduct. Rauser v. Horn, 241 F.3d 330,

3

333–34 (3d Cir. 2001). He has identified an adverse action but has done little else to suggest retaliation beyond using the word itself.

Finally, we agree with the District Court that to the extent Dawson's complaint seeks restoration of good-time credits, such a claim must be brought in a habeas corpus proceeding. Queen v. Miner, 530 F.3d 253, 255 n.2 (3d Cir. 2008).

Ordinarily, a District Court should not *sua sponte* dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim without providing the plaintiff an opportunity to amend his complaint. Dawson, 2010 U.S. Dist. LEXIS 30513, at *11. For the reasons given by the District Court, we agree that amendment would be futile in this case and, thus, conclude that the District Court did not err in declining to afford Dawson leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

Because Dawson's appeal does not present a substantial issue, we will summarily affirm the judgment of the District Court